Appeal Nos. 26-3370, 26-3389, and 26-3411

**IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT**

**CURRAN-GARDNER TOWNSHIPS PUBLIC WATER DISTRICT, SANGAMON COUNTY, ILLINOIS,** Plaintiff-Appellant,

v.

**CITY OF SPRINGFIELD, ILLINOIS,** Defendant-Appellee.

Appeal from the United States District Court for the Central District of Illinois, Springfield Division, Case No. 3:23-cv-3250-SEM-DJQ, the Honorable Sue E. Myerscough, District Judge

---

# Appellant's Memorandum Pursuant To Court's Orders Of November 19, 2026 and November 23, 2026 Regarding Whether Appeal Nos. 26-3370 and 26-3411 Should Be Dismissed As Unnecessary.

Plaintiff-Appellant Curran-Gardner Townships Public Water District ("Curran-Gardner") submits this memorandum brief in response to the Court's Orders issued November 19, 2026 in Appeal No. 26-3370 and November 23, 2026 in Appeal No. 26- 3411 to explain why its three notices of appeal have produced three appellate dockets from one judgment. Two of the three appeals, namely Appeal Nos. 26-3370 and 26-3411, are unnecessary. Appeal No. 26-3389, which arises from the First Amended Notice of Appeal designating the final judgment, is the necessary appeal and should proceed. Curran-Gardner asks the Court to dismiss Appeal Nos. 26-

3370 and 26-3411, and to retain jurisdiction over Appeal No. 26-3389 in full, and order a refund of fees paid for Appeals Nos. 26-3370 and 26-3411.

## I. BACKGROUND

Curran-Gardner sued the City of Springfield under 7 U.S.C. § 1926(b). On March 16, 2026, the District Court granted the City's cross-motion for summary judgment in part and denied it in part (Dkt. 62). On October 20, 2026, the court granted the City's motion for partial reconsideration and, on reconsideration, granted summary judgment for the City (Dkt. 73). On November 4, 2026, the clerk entered judgment under Federal Rule of Civil Procedure 58 "in favor of the Defendant and against the Plaintiff" (Dkt. 79).

Curran-Gardner then filed three notices of appeal:

1. **Notice of Appeal (Dkt. 80), filed November 16, 2026.** It appealed from the October 20, 2026 Opinion and Order (Dkt. 73) and the prior Opinion and Order (Dkt. 62) "that merged into the final judgment." The Notice of Appeal filed as Dkt. 80 did not designate the November 4, 2026 Judgment itself although such designation was not required pursuant to Fed. R. App. P. 3(c)(5). Curran-Gardner paid the filing fee, and the appeal was docketed as No. 26-3370.

2. **Amended Notice of Appeal (Dkt. 83), filed November 18, 2026.**

The Amended Notice expressly amended the original notice (Dkt. 80) and appealed "from the final Judgment in a Civil Case entered in this action on November 4, 2026 (Dkt. 79)." The Amended Notice covers the Judgment "in its entirety" and all merged orders, including Dkt. 73 and Dkt. 62. The Amended Notice states that it "is not limited to any part of the Judgment or to any particular Order." (Dkt. 83 at 1) The Amended Notice was docketed as a new appeal, No. 26-3389, although Curran-Gardner intended it as an amendment that would be included within the existing Case No. 26-3370.

3. **Second Amended Notice of Appeal (Dkt. 87), filed November 19, 2026.**

Curran-Gardner's Second Amended Notice of Appeal amended both prior notices (Dkt. 80 and 83) and again appealed from the November 4, 2026 Judgment. (Dkt. 87) It was filed "out of an abundance of caution" and asked that it be docketed in No. 26-3370 rather than as a new appeal. (Dkt. 87 at 1) It designates the same Judgment and the same two orders as the Amended Notice. (Dkt. 87 at 2) It was docketed as No. 26-3411.

## II. ARGUMENT

**A.** One judgment requires only one appeal, and this Court dismisses unnecessary appeals at the outset. This Court tries to keep its docket free of duplicative appeals, because "[e]ach party needs only one appeal to seek relief from any given judgment or order." *Grunt Style LLC v. TWD, LLC*, 140 F.4th 839, 845 (7th Cir. 2025)**.** Redundant appeals "can breed confusion."*Id.* Documents may be filed in the wrong case, and the docket may give the mistaken impression of separate appellants or separate appealable decisions. *Id.* For that reason, "[u]nless there is some risk a party would be prejudiced, we invite litigants to dismiss extra appeals, and we will dismiss them ourselves at the outset if they are unnecessary." *Id.*

*Grunt Style* also explains how these dockets arose. The appellate rules "do not . . . distinguish between amended notices of appeal and ordinary notices," and the District Court clerk transmits any notice, amended or not, to this Court's clerk, "who dockets that appeal as a new case." *Id.* at 847. That is what happened in *Grunt Style*: An amended notice intended to clarify the existing appeal was docketed as a new appeal and a fee was assessed. *Id.* at 845. The Court dismissed the second appeal "as unnecessary," directed that no fee be collected for the second appeal, and retained jurisdiction over

one appeal. *Id.* at 849. The same result is appropriate here, applied to the appeal that most completely designates the judgment.

**B.** Appeal No. 26-3389 *is the necessary appeal* because the Amended Notice designates the final judgment and brings up every merged order.

Since 2021, Fed. R. App. P. Rule 3(c)(4) has provided that "[t]he notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal." **(**Fed. R. App. P. 3**.)** Under Rule 3(c)(6), "[w]ithout such an express statement" of limitation, "specific designations do not limit the scope of the notice of appeal." **(**Fed. R. App. P. 3**)** As *Grunt Style* put it, "designating the final judgment in the notice of appeal will bring up all then-appealable orders unless the appellant clearly intends to limit its rights." **(***Grunt Style*, 140 F.4th at 848.**)**

The Amended Notice does exactly this. It designates the November 4, 2026 Judgment (Dkt. 79), the "final Judgment in a Civil Case." It takes the appeal "from the Judgment in its entirety" and "all orders, opinions, rulings, and decisions of the Court that merged into the Judgment," naming both the October 20, 2026 and March 16, 2026 Opinions and Orders. (Dkt. 83 at 1) It disclaims any limitation and cites Rule 3(c)(4) and (6). (Dkt. 83 at 1) Like the notice in *Grunt Style*, which stated that the appeal included but was not

limited to specified orders, the Amended Notice brings up every reviewable order by operation of Rule 3(c). (*Grunt Style*, 140 F.4th at 848.) It was also timely: it was filed on November 18, 2026, fourteen days after the November 4, 2026 Judgment, and within the 30-day period under Rule 4(a)(1)(A). (Dkt. 83 at 1)

Appeal No. 26-3389 therefore carries the entire case. Every issue Curran-Gardner may raise from the Judgment, Dkt. 73, and Dkt. 62 is before the Court in that appeal.

**C.** Appeal No. 26-3370 is unnecessary because every issue in it is encompassed in No. 26-3389. The original Notice of Appeal designated the October 20, 2026 Opinion and Order and the March 16, 2026 Opinion and Order, but not the November 4, 2026 Judgment. (Dkt. 80 at 1.) Curran-Gardner does not contend that the original notice was ineffective. Fed. R. App. P. 3(c)(5) provides that, in a civil case, a notice "encompasses the final judgment" if it designates "an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties." (Fed. R. App. P. 3) The point is narrower: No. 26-3370 adds nothing that No. 26-3389 does not already contain. The orders it names are the same orders the Amended Notice expressly names and that merged into the Judgment the Amended Notice designates. (Dkt. 83 at 1)

The Amended Notice also expressly "amends" the original notice. (Dkt. 83 at 1) Curran-Gardner filed it to replace the original notice with one that designates the Judgment directly and states the full scope of the appeal on its face. Keeping Appeal No. 26-3389 and dismissing Appeal No. 26-3370 gives effect to that amendment. It also leaves a single docket whose operative notice identifies the Rule 58 judgment, consistent with Rule 58's purpose of making appellate jurisdiction clear.

In *Grunt Style*, the Court kept the first-docketed appeal because the later notice added nothing. **(***Grunt Style*, 140 F.4th at 847.) Nothing in *Grunt Style* requires the Court to keep the earliest docket when a later, timely notice already encompasses every issue. The governing principle is that one appeal suffices for one judgment and that extra appeals should be dismissed absent prejudice. **(***Grunt Style*, 140 F.4th at 845.**)** Dismissing No. 26-3370 prejudices no one. The City loses no argument, and Curran-Gardner loses no issue, because the same judgment and the same orders remain before the Court in Appeal No. 26-3389.

**D.** Appeal No. 26-3411 is unnecessary because the Second Amended Notice adds nothing to the Amended Notice. The Second Amended Notice designates the same Judgment and the same two orders as the Amended Notice, with the same disclaimer of limitation. (Dkt. 87 at 2) It was filed out

of caution, to prevent the Amended Notice from being treated as a separate appeal. (Dkt. 87 at 1) It raises no new order and no new issue. *Grunt Style* addressed this situation directly. The second appeal there was "unnecessary" because "[a]ll the issues we have discussed were subjects of the first appeal," and "[a]n amendment to identify additional orders predating the judgment is not necessary." **(***Grunt Style*, 140 F.4th at 847**)** The 2021 amendments to the appellate rules "abolished any need to enumerate orders preceding the judgment designated in a notice of appeal." **(***Grunt Style*, 140 F.4th at 845) Appeal No. 26-3411 should be dismissed.

The Second Amended Notice asked that it be docketed in No. 26-3370. (Dkt. 87 at 1) With the benefit of *Grunt Style*, Curran-Gardner now asks instead that the Court proceed in No. 26-3389, the appeal arising from the first notice designating the final Judgment, and that the Second Amended Notice be treated as surplusage.

**E.** No additional fee should be assessed. This Court has held that Fed. R. App. P. 4(a)(4)(B)(iii) "is written in categorical terms that no fee is owed for an amended notice," and that "a litigant does not owe multiple fees if there is a single judgment that could have been appealed with a single notice," including where "the two notices encompass the same orders from the beginning." **(***Grunt Style*, 140 F.4th at 848**)** All three notices here arise from

one Judgment. Curran-Gardner paid the docketing fee when it filed the original notice. Curran-Gardner asks that the fees collected on No. 26-3370 and No. 26-3411 be refunded.

## III. CONCLUSION

Curran-Gardner respectfully asks the Court to:

1. dismiss Appeal No. 26-3370 as unnecessary;

2. dismiss Appeal No. 26-3411 as unnecessary;

3. retain jurisdiction over Appeal No. 26-3389, which remains in full force and effect as Curran-Gardner's appeal from the November 4, 2026 Judgment (Dkt. 79) in its entirety, including all merged orders, specifically the October 20, 2026 Opinion and Order (Dkt. 73) and the March 16, 2026 Opinion and Order (Dkt. 62); and

4. refund the docketing fees paid inNo. 26-3370 and No. 26-3411.

Dated: November 25, 2026

Respectfully submitted,

/s/ Steven M. Harris, OBA #3913 (Counsel of Record)
S. Max Harris, OBA #22166
Michael D. Davis, OBA #11282
Doyle Harris Davis & Haughey
2419 East Skelly Drive Tulsa, OK 74105
(918) 592-1276

Ryan D. Byers Ryan D. Byers, IARDC #6292490
Rammelkamp Bradney, PC
232 W. State Street,
PO Box 550
Jacksonville, IL 62651
(217) 245-6177
rbyers@rblawyers.net

*Attorneys for Plaintiff-Appellant*

CERTIFICATE OF SERVICE

I certify that on November 25, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Ryan D. Byers